2012 ME 61

**Robert NOLAN et al.**

v.

**Kristen LaBREE et al.**

Supreme Judicial Court of Maine.

Argued: April 12, 2012.
Decided: May 3, 2012.

Christopher M. Berry, Esq. (orally), and Judith M. Berry, Esq., The Law Office of Judith Berry, Gorham, on the briefs, for appellants Robert and Celia Nolan.

Charles W. Hodsdon II, Esq., Bangor, on the briefs, for appellees Kristen and Jeffrey LaBree.

Patricia A. Peard, Esq., and Kai W. McGintee, Esq., Bernstein, Shur, Sawyer, & Nelson; Mary L. Bonauto, Gay & Lesbian Advocates & Defenders, Boston, Massachusetts; and Donald C. Cofsky, Esq., and Judith Sperling–Newton, Esq., American Academy of Reproductive Technology Attorneys, Washington, District of Columbia, for amici curiae American Society for Reproductive Medicine, American Academy of Assisted Reproductive Technology Attorneys, RESOLVE: The National Infertility Association, American Fertility Association, New England Fertility Society, Reproductive Science Center of New England, Boston IVF, and Society, on the briefs, for Assisted Reproductive Technology.

William J. Schneider, Attorney General, and Justin B. Barnard, Asst. Atty. Gen., Office of the Attorney General, Augusta, on the briefs, for amicus curiae Attorney General.

Catherine R. Connors, Esq., Nolan L. Reichl, Esq., and Kyle N. Kirby, Esq., Pierce Atwood LLP, Portland, on the briefs, for amicus curiae Concerned Maine Attorneys.

John C. Sheldon, Esq., Westbrook, on the briefs, amicus curiae pro se.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1] Robert Nolan and Celia Nolan appeal from a judgment of the District Court (Bangor, *Gunther, J.*) declaring Robert to be the father and Celia to be the de facto mother of a child. The child is genetically related to Robert and Celia but was born to Kristen LaBree, a gestational carrier. The Nolans contend that the court erred in refusing to declare the maternity of Celia. Kristen and her husband, Jeffrey LaBree, join the Nolans in their argument. We hold that the District Court erred in concluding that it lacked statutory authority to declare maternity and vacate the judgment accordingly.

## I. BACKGROUND

[¶ 2] Kristen LaBree gave birth to a child on December 9, 2010.[1] Neither Kristen nor her husband, Jeffrey LaBree, is genetically related to the child. Approximately nine months before the birth, a zygote created through the *in vitro* fertilization of Celia Nolan's egg cell with sperm from her husband, Robert Nolan, was implanted in Kristen. Despite these facts, accepted by all parties, a birth certificate listing the LaBrees as the child's parents was filed with the Department of Health and Human Services.

[¶ 3] On the day the child was born, the Nolans filed a complaint in the District Court in Bangor that requested that the court "order" that they were the parents of the child. Following a testimonial, uncontested hearing, the trial court determined that Robert Nolan is the father of the child and declared his paternity, but declined to declare Celia's maternity, holding that there was no statutory authority for such a determination. The court did declare that Celia Nolan is the de facto mother of the child and awarded sole parental rights and responsibilities to the Nolans. The Nolans timely appealed.

## II. DISCUSSION

[¶ 4] Title 19–A M.R.S. § 1553 (2011) provides the District Court with clear statutory authority to declare legal paternity, and the court recognized that authority in granting Robert the relief that he requested. In addition, 19–A M.R.S. § 1556 (2011) provides a statutory basis for the District Court to declare "parentage,"[2] a term that includes both paternity and maternity. We must presume that the Legislature's use of the gender-neutral word "parentage," *see* P.L.1999, ch. 704, § 1, was intentional, *see Russell v. ExpressJet Airlines, Inc.*, 2011 ME 123, ¶ 16, 32 A.3d

---

1. The court's original and amended parental rights and responsibilities orders state that the child was born in February 2011. The court's findings, however, list the birthdate as December 9, 2010, which is consistent with the birth certificate in the record. On remand, the District Court's judgment should reflect the correct date of birth.

2. Title 19–A M.R.S. § 1556 (2011) reads:

   The District Court has jurisdiction over an action to determine parentage. There is no right to demand a jury trial in an action to determine parentage. The District Court has jurisdiction for the enforcement of judgments for expenses of pregnancy and confinement for a wife or for education, support or funeral expenses for legitimate children and all remedies for the enforcement of these judgments apply. The court has continuing jurisdiction to modify or revoke a judgment for future education and support. All remedies under the Uniform Interstate Family Support Act are available for enforcement of duties of support under this subchapter.

   (footnote omitted).

1030 (noting that our analysis of a statute ends with its plain language when the statute's meaning is clear and the result is not illogical or absurd). Although this section appears within the "Uniform Act on Paternity," 19–A M.R.S. §§ 1551–1570 (2011), the titles of chapters and sections are not legal provisions. *See* 1 M.R.S. § 71(10) (2011). Based on this statute, therefore, the District Court did have authority to declare the maternity of Celia Nolan.

[¶ 5] In the context of an undisputed case like this one, when individuals—here, the genetic parents—seek a judgment declaring their legal parentage, and the other parties—the gestational carrier and her husband—have specifically asserted that they do not wish to be recognized as the child's parents, the court is authorized to determine that the individuals are the parents of the child and thereby that the gestational carrier and her husband are not the parents of the child. There is no need for additional proceedings.[3] *Cf. Raftopol v. Ramey*, 299 Conn. 681, 12 A.3d 783, 787–791 (2011) (holding that, pursuant to Connecticut law, a gestational carrier lacked parental rights such that termination of those nonexistent rights was not a prerequisite to determining another's parental status). The combined effect of declaring Celia Nolan to be the mother and Robert Nolan to be the father of the child will be that the LaBrees are not the parents of the child.

[¶ 6] The parties to this action agree that such a declaration is the appropriate relief. We therefore have no occasion to consider here how to analyze a case in which the parties do not agree.[4]

[¶ 7] Finally, the Nolans were not required to join the Department of Health and Human Services as a defendant because they are not requesting an order directing the Department to act. Through this action, the Nolans sought a judgment of parentage, which they intend to submit to the Department with a request that the child's birth certificate, which currently lists the LaBrees as the parents, be corrected. Only if the Department refuses to do so, and the Nolans seek judicial relief, will the Department need to be named as a party.

The entry is:

Judgment vacated in part. Remanded to the District Court for a judgment that Celia Nolan is the mother of the child, and that the LaBrees are not the parents of the child.

---

3. Our decision in this regard addresses only legal parentage, and assumes that all interested parties have been afforded due process.

4. Because we grant the Nolans the relief they seek, we do not consider or address their constitutional argument.